UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN T. HATCHETT,

        Petitioner,

    v.                                    CASE NO. 00-CV-74340-DT
                                          HONORABLE NANCY G. EDMUNDS

ROBERT J. KAPTURE,

        Respondent.
_____/

## OPINION AND ORDER GRANTING WRIT OF HABEAS CORPUS

This matter is pending before the Court on remand from the United States Court of Appeals for the Sixth Circuit. The Court has concluded in light of *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), that Petitioner was denied effective assistance of counsel. Accordingly, the habeas petition will be granted.

### I. Background

### A. State Court Proceedings

Petitioner was charged at the age of fifteen with first-degree murder and possession of a firearm during the commission of a felony (felony firearm). The charges arose from allegations that Petitioner shot and killed another fifteen-year-old boy, Rodney McRae, on December 29, 1986, in Detroit, Michigan.

In 1987, the juvenile division of the Wayne County Probate Court held an evidentiary hearing to determine whether the court should waive jurisdiction so that Petitioner could be tried as an adult in Recorder's Court for the City of Detroit. At the conclusion of the hearing, the probate court waived jurisdiction and transferred Petitioner's case to Detroit Recorder's Court

for trial as an adult.

Petitioner's family retained attorney Charles Campbell to represent Petitioner after the waiver hearing.[1]  Campbell was expected to appeal the probate court's decision and to represent Petitioner on the criminal charges in Recorder's Court.

At the preliminary examination in state district court, Campbell initially moved to adjourn the hearing, in part, because the probate court had waived jurisdiction.  Campbell said, "We have to study all of that and consider our options there and here . . . ."  The prosecutor, however, objected to an adjournment, and Campbell agreed to proceed with the preliminary examination.  (Tr. Mar. 23, 1987, at 3-5.)

Campbell never appealed the probate court's decision to waive jurisdiction, and Petitioner was bound over to Recorder's Court where he was represented by another attorney, Rene Cooper.  Following a bench trial on  September 29, 1987, the trial court found Petitioner guilty of second-degree murder, MICH. COMP. LAWS § 750. 317, and felony firearm,  MICH. COMP. LAWS § 750.227b.  The trial court sentenced Petitioner to two years in prison for the felony firearm conviction and to life imprisonment, with the possibility of parole, for the murder conviction.

Petitioner appealed his conviction and sentence through still another attorney, Roman Karwowski, who argued that the evidence was insufficient to sustain the murder conviction and that the sentence was excessive.  The Michigan Court of Appeals found no merit in these claims and affirmed Petitioner's conviction and sentence in an unpublished, *per curiam* opinion.  *See People v. Hatchett*, No. 104510 (Mich. Ct. App. Mar. 10, 1989).  The Michigan Supreme Court

---

[1]  Mr. Campbell is now deceased.

denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Hatchett*, No. 85743 (Mich. Sup. Ct. Nov. 29, 1989).

Petitioner raised his ineffective-assistance-of-counsel claims in a motion for relief from judgment, filed in 1997. The trial court denied the motion, and the State's appellate courts denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Hatchett*, No. 209790 (Mich. Ct. App. Mar. 1, 1999); *People v. Hatchett*, 461 Mich. 877; 602 N.W.2d 580 (1999) (table).

### B. Federal Court Proceedings

Petitioner filed his habeas corpus petition through counsel on September 29, 2000. He raised two substantive grounds for relief:

> I.   Mr. Hatchett is entitled to a new trial because he received constitutionally ineffective assistance from three different appointed attorneys, one of whom was entirely absent as proceedings were conducted, and another of whom inexplicably allowed his right to appeal his waiver into Recorder's Court lapse without action, and the last of whom failed to raise any of these issues on appeal.
>
> II.  Mr. Hatchett's due process rights were violated when the Recorder's Court Judge failed to strike inaccurate information from the presentence report.

Petitioner supplemented his habeas petition with a *pro se* document, alleging that his right to due process was violated "by the prosecution's Motion to Waive in violation of MCR 5.904(A)."

The Court rejected Respondent's arguments that Petitioner procedurally defaulted his claims and failed to comply with the statute of limitations. The Court nevertheless dismissed Petitioner's second and third claims, as well as his claim about his first attorney, Jerome Crawford, who represented Petitioner at the preliminary probate court proceeding held on

January 12, 1987.

The only remaining issues were whether attorneys Charles Campbell and Roman Karwowski provided ineffective assistance. The Court held oral arguments on these claims, and subsequently denied Petitioner's application for the writ of habeas corpus. The Court determined that, even if Campbell's performance was deficient, the deficiency did not prejudice the defense, because it was unlikely Petitioner would have prevailed if Campbell had appealed the probate court's decision. The Court concluded that Karwowski was not ineffective for failing to raise an issue that lacked merit.

Petitioner appealed the Court's decision to the United States Court of Appeals for the Sixth Circuit, which agreed with Petitioner that he was not required to demonstrate the merits of his appeal in order to prevail on his ineffectiveness claim. The Court of Appeals stated that this Court erred by examining the potential merits of a possible appeal from the probate court's decision. Accordingly, the Court of Appeals vacated this Court's decision and remanded the case for consideration of *Flores-Ortega. See Hatchett v. Kapture*, 109 F.3d Appx. 34 (6th Cir. 2004). Respondent then appealed to the Supreme Court, but, on May 16, 2005, the Supreme denied his petition for the writ of certiorari. *See Metrish v. Hatchett*, __ U.S. __, 125 S. Ct. 2253 (2005).

## II.  Standard of Review

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner is entitled to the writ of habeas corpus if he can show that the state court's adjudication of his claims

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

> Furthermore, state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Finally, review is conducted in light of the law as it existed at the time of the final state court decision, *Teague v. Lane,* 489 U.S. 288 (1989), unless an intervening constitutional decision announces a 'watershed' rule of criminal law with implications for the fundamental fairness of the trial proceeding. *Caspari v. Bohlen,* 510 U.S. 383, 396 (1994).

*Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004), *cert. denied*, __ U.S. __, 125 S. Ct. 1670 (2005).

When the state court has not addressed or resolved claims based on federal law,

> the decision is not an "adjudication on the merits." Thus, a federal habeas court reviews such unaddressed claims de novo. *See McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) (distinguishing "no results" from no reasoning).
>
> Where, however, the state court disposes of a constitutional claim but fails to articulate its analysis . . . a federal habeas court must conduct an independent review of the record and applicable law to determine whether, under the AEDPA standard, the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts

5

> in light of the evidence presented. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000) (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir.1999)).
>
> The independent review, however, is not a full, de novo review of the claims. *Id*. [T]he review remains deferential, because the court cannot grant relief unless the state court's result contradicts the strictures of AEDPA. *Id*.

*Howard v. Bouchard*, 405 F.3d 459, 467-68 (6th Cir. 2005).

### III. Discussion

Petitioner alleges that Charles Campbell, who represented him for a while after the juvenile waiver hearing, should have appealed the probate court's decision to waive jurisdiction, and appellate attorney Roman Karwowski should have argued that Campbell's representation was ineffective. The state appellate courts concluded in response to these claims that Petitioner had failed to establish entitlement to relief.

To prevail on his claim of ineffective assistance of counsel, Petitioner must show that defense counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard applies to appellate counsel, *see Howard*, 405 F.3d at 478, and to situations where counsel failed to file a notice of appeal, *Flores-Ortega*, 528 U.S. at 477.[2]

---

[2] *Strickland* was clearly established law before Petitioner's conviction became final, but *Flores-Ortega* was not. New constitutional rules of criminal procedure may not be applied retroactively on habeas corpus review unless the rule (1) places certain private conduct beyond the scope of the criminal law-making authority to proscribe or (2) establishes a watershed rule that implicates the fundamental fairness of the trial. *Teague v. Lane*, 489 U.S. 288, 310-11 (1989).

The United States Court of Appeals for the Fifth Circuit concluded in 2002 that *Flores-Ortega* could not be considered as a basis for relief because it was decided two years after the petitioner's conviction became final and neither of the two exceptions set forth in *Teague v. Lane* applied. *See Daniel v. Cockrell*, 283 F.3d 697, 708 (5th Cir. 2002). However, the Supreme Court itself stated that its prejudice standard "breaks no new ground, for it mirrors the prejudice

### A.  Deficient Performance

A defense attorney has a constitutional duty to consult with his or her client about an appeal when there is reason to believe that (1) the defendant would want to appeal or (2) the defendant has expressed an interest in appealing.  *Id*. at 480.  Petitioner's uncles consulted Charles Campbell and retained Campbell to appeal the probate court's waiver of jurisdiction. *See* Michael Hatchett's affidavit [Doc. #51, Feb. 20, 2003].  Thus, it is clear that Petitioner wanted to appeal the probate court's decision and expressed an interest in appealing that decision.  *See id.*; *see also Hatchett v. Kapture*, 109 Fed. Appx. at 37 ("Because Hatchett's uncle retained counsel to appeal, it is clear that Hatchett would have appealed.").

An attorney who disregards a defendant's express instruction to file a notice of appeal acts in a professionally unreasonable manner.  *Flores-Ortega,* 528 U.S. at 477-78.  Campbell did not appeal the probate court's decision.  Under *Flores-Ortega*, his failure to honor Petitioner's desire to appeal amounted to deficient performance.

### B.  Prejudice

Campbell's deficient performance prejudiced Petitioner because, at the time, a juvenile was entitled to an appeal of right in circuit court from the probate court's waiver of jurisdiction. *People v. Jackson*, 171 Mich. App. 191, 195-96; 429 N. W. 2d 849, 852 (1988).  Even after the

---

inquiry applied in *Hill v. Lockhart*, 474 U.S. 52 (1985), and *Rodriguez v. United States*, 395 U.S. 327 (1969)." *Flores-Ortega*, 528 U.S. at 485.  Moreover, this Court has been instructed by the Sixth Circuit to consider Petitioner's claims in light of *Flores-Ortega*, and the Third Circuit has held in a reasoned decision that "*Flores-Ortega*'s application of the *Strickland* standard did not forge new ground or otherwise impose a new obligation upon the States in announcing the duty to consult, and this holding constitutes an "old" rule which may be retroactively applied . . . ." *Lewis v. Johnson*, 359 F.3d 646, 657 (3d Cir. 2004).  The Court therefore assumes for purposes of this proceeding that *Flores-Ortega* is not a new rule and may be applied retroactively to Petitioner's case.

7

deadline for filing a claim of right expired, the juvenile was entitled to apply for leave to appeal in the circuit court. *Id.*, 171 Mich. App. at 196; 429 N.W.2d at 852. Failure to appeal the probate court's decision to waive jurisdiction barred subsequent review of the issue in the Michigan Court of Appeals following conviction. *Id.*; *People v. Mahone*, 75 Mich. App. 407, 410; 254 N.W.2d 907, 909 (1977).

Campbell's inaction precluded Petitioner from challenging the probate court's decision in Wayne County Circuit Court. Campbell forfeited Petitioner's appeal of right and his best chance to avoid exposure to a life sentence. Had Petitioner been sentenced as a juvenile, he would have been released from a juvenile facility when he turned nineteen years old. (Tr. Mar. 10, 1987, at 82).

Campbell's failure to appeal also precluded Petitioner from raising the waiver-of-jurisdiction issue in the Michigan Court of Appeals, following his conviction. *Jackson*, 171 Mich. App. at 196; 429 N.W.2d at 852; *Mahone*, 75 Mich. App. at 410; 254 N.W.2d at 909. The denial of an entire judicial proceeding, which a defendant wanted at the time and to which he had a right, demands a presumption of prejudice. *Flores-Ortega*, 528 U.S. at 483. Courts cannot accord any presumption of reliability to judicial proceedings that never took place, and no further showing on the merits of the underlying claims is necessary. *Id.* at 483-84.

### IV. Conclusion

Charles Campbell's failure to appeal the probate court's decision amounted to deficient performance, and the deficient performance prejudiced Petitioner. Roman Karwowski was ineffective for not asserting on appeal that Campbell had been ineffective.

The state courts' denial of relief resulted in decisions that were contrary to federal law. The State is ordered to release Petitioner unless, within ninety days, it provides Petitioner with an appeal of right from the probate court's decision waiving jurisdiction.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  October 7, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2005, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager